PLEATERS, INCORPORATED, PLAINTIFF v. GEORGE A. KOSTAKES AND WIFE, ANGELEKE G. KOSTAKES, DEFENDANTS.

(Filed 20 March 1963.)

**1. Injunctions § 13—**

Where the court is not requested to find facts upon the hearing of an order to show cause, the continuance of the temporary restraining order without making specific findings will not be disturbed when the allegations of the verified complaint and affidavit are sufficient to warrant the relief.

**2. Same—**

In an action for permanent injunction to restrain a breach of a written contract upon controversy as to whether the proper construction of the contract precluded the action threatened by defendant, the cause is properly continued to the hearing upon a *prima facie* showing by plaintiff.

APPEAL by defendants from *Brock J.,* January 21, 1963 Special "B" Civil Term of Mecklenburg.

Action to restrain the construction of a building. The complaint and affidavit of the plaintiff tend to show the following facts:

Defendants are the owners of a series of connected store buildings, known as Westover Shopping Center, located between West Boulevard and Remount Road in the City of Charlotte. Store No. "F" is located on the northwestern end of the series and is 171 feet from Remount Road. On March 29, 1961, C. E. Waters, who later became the vice-president of plaintiff corporation, negotiated a lease with defendants for store No. "F." A written memorandum, signed by the defendant,

contained the following provision: "1. No other buildings will be built on the west side." On April 7, 1961, a formal lease was executed whereby defendants leased Store No. "F" to Pleaters Company for five years beginning July 1, 1961 at a monthly rental of $350.00 with an option to renew for another five years at $400.00 a month. The lessors agreed to pave the parking area between the building and Remount Road, to paint the parking spaces therein, and to permit lessees to install an electric sign on the Remount Road side near the center entrance and sidewalk sign. Paragraph 15 of the lease is as follows:

> "The above building will be used for dry cleaning and shirt laundry only. And no coca-cola machines or other drinking machines will be placed in this store for public use. Also the lessors will grant exclusive Dry Cleaning and finished laundry rights to the lessees and no other dry-cleaning or finished laundry *or other building will be added to Westover Shopping Center."* (Emphasis ours)

This lease provided that it was to be surrendered for an identical lease if lessee was incorporated by September 15, 1961.

Thereafter on June 30, 1961 a substantially identical lease, containing paragraph 15 as quoted above, was executed by the defendants to Pleaters, Inc. which duly recorded it.

The location of the leased building provides an unobstructed view and easy access from Remount Road to the drive-in service window on the west side of plaintiff's building. These conditions were the primary factors which caused plaintiff to lease the premises. It has erected a large neon sign on the west side of the roof and another such sign on the western edge of the shopping center.

Thereafter defendants began the construction of another building between plaintiff's premises and the western edge of the shopping center. On January 17, 1963, plaintiff instituted this action to restrain the construction, and secured a preliminary injunction. Upon the hearing, defendants' affidavit tended to show that the building they proposed to construct would be located sixty-six feet from the west side of plaintiff's premises and sixty feet from the western line of the shopping center; that it would be forty-five feet wide and one hundred and thirty feet long; and that defendants have agreed to lease it to a drug store for ten years for a total rental of $88,000.00.

Defendants contend that paragraph 15 of the plaintiff's lease is ambiguous, but that it was only intended to prevent another dry-cleaning or finished-laundry building being added to Westover Shopping Center.

SHORT *v.* SALES CORP.

The judge continued the preliminary injunction until the final determination of the action. Defendants appealed.

*Charles B. Caudle, James B. Ledford for plaintiff appellee.*
*Osborne & Griffin for defendant appellants.*

PER CURIAM. The judge below was not requested to find the facts and he found none. However, the allegations of the verified complaint and affidavit are sufficient to warrant the temporary restraining order and no findings were required. *Owen v. DeBruhl Agency, Inc.,* 241 N.C. 597, 86 S.E. 2d 197.

Ordinarily a temporary restraining order will be continued to the trial if there is probable cause to believe that "plaintiff will be able to maintain his primary equity and there is a reasonable apprehension of irreparable loss unless it remains in force," or if it appears reasonably necessary to protect the plaintiff's right until the controversy can be determined. *Cobb v. Clegg,* 137 N.C. 153, 49 S.E. 80.

In this case plaintiff has made a *prima facie* showing of its right to the final relief it seeks. In the meantime, defendants should not be permitted to construct the building, the erection of which is the subject of the controversy. *Local Finance Company v. Jordan, ante,* 127. The order continuing the preliminary injunction is

Affirmed.