CLAUDE HOOKS, A. G. GOINS, D. J. POWELL, D. J. SHELLEY, ELWOOD ROBINSON, MICKEY LONG, CECIL GURKIN, H. H. COLLINS, HENRY MERRITT, LUTHER HIGH, AND DANIEL M. SPELL, OFFICERS AND TRUSTEES OF SMYRNA BAPTIST CHURCH v. INTERNATIONAL SPEEDWAYS, INCORPORATED AND MARIE D. CARTER.

(Filed 24 February, 1965.)

**1. Nuisance § 1—**

A race track is not a nuisance *per se*, but its operation may, under certain circumstances, become a nuisance *per accidens*.

**2. Nuisance § 7; Injunctions § 7—**

Equity will not enjoin an anticipated nuisance *per accidens* incident to the operation of a lawful business unless it is shown with reasonable certainty, and not as a mere probability, that the operation of the business will constitute a nuisance which could not be obviated by restrictions as to the time or method of operation.

**3. Injunctions § 3—**

Irreparable injury as a basis for injunctive relief is not an injury which is beyond the possibility of repair or possible monetary compensation, but is such a continuous and recurring injury that no reasonable redress is afforded at law and one to which the complainant in equity and good conscience should not be required to submit.

**4. Pleadings § 12—**

A demurrer admits the truth of the factual averments well stated and relevant inferences of fact reasonably deducible therefrom.

**5. Nuisance § 7;   Injunctions § 7—**

Allegations that defendants had taken action preparatory to the con-
struction of an automobile race track for the purpose of racing motor ve-
hicles on Sundays and holidays about half a mile from an established
church, and that the noise incident to such racing operations would render
practically impossible the conduct of Sunday church services, constitute
sufficient basis for the continuance to the hearing at the instance of the
church authorities of a temporary order restraining the construction of the
race track.

**6. Nuisance § 2—**

Mere noise may be so great at certain times and under certain circum-
stances as to amount  to an actionable nuisance and entitle the party sub-
jected to it to an injunction.

**7. Nuisance § 7;   Injunctions § 7—**

Injunction to enjoin the construction of an automobile race track will
not be denied on the ground that only the operation of the race track and
not its construction could constitute a nuisance, since the erection of a
structure may be enjoined if its contemplated use must necessarily result
in a nuisance, and an allegation that the noise from the contemplated race
track would disrupt services at the church is not a mere conclusion but is
an allegation of ultimate fact which, even though conclusory in nature, is
susceptible of proof.

**8. Appeal and Error § 50;   Injunctions § 13—**

In the absence of specific findings of fact or a request therefor it will
be presumed that the court found facts supporting its order continuing a
temporary order to the hearing, and the order will not be disturbed when
the allegations of the verified complaint, treated as an affidavit, are suffi-
cient to warrant the relief.

**9. Injunctions § 7;   Highways § 10—**

The operation of a lawful business may not be enjoined on the ground
that its operation would create such additional traffic as would interfere
with the customary use of the adjacent highway by plaintiffs, since plain-
tiffs have no authority over, or right to control the use of a public high-
way, which must be open alike to all.

APPEAL by defendant, International Speedways, Inc., from *Mallard*,
J., at Chambers 4 April 1965 in Whiteville, N. C. — from COLUMBUS.
Docketed and argued as No. 608 at the Fall Term 1964.

Suit to perpetually enjoin the construction and operation of facilities,
including a race track, for the racing of automobiles.

The complaint (summarized in part and verbatim in part) alleges:

1, 2, 3, 4, 5 and 6.   Plaintiffs constitute the Board of Deacons
and Trustees of the Smyrna Baptist Church, and are duly au-
thorized to prosecute this action on behalf of the membership of
said church. Defendant Carter has executed to corporate defen-

dant an option to purchase 60 acres of land situate about 2500 feet west of the church, and has executed and delivered, or is about to deliver, a deed to corporate defendant for said land.

"7. That the defendants have announced publicly and started the process of building a large race track or speedway on the lands in question (which speedway will be used particularly on Sundays and holidays for the purpose of staging long races between automobiles for profit from public admissions.) That the defendants propose to erect various buildings on said land including grandstand of twelve thousand capacity, garages, paved tracks, concession stands, and other structures and parking lots (incident to promoting races of all sorts of motor vehicles.) That the defendants have already started engineering surveys and plan to be in operation sometime in the spring of 1964. That the facilities which the defendants threaten to erect will lie just west of the Smyrna Baptist Church (and will be opened to the public all day on most or all Sundays.)

"8. That the Smyrna Baptist Church has been located in its approximate present position for around eighty years and constitutes a neighborhood church which holds regular Sunday morning services, in addition to frequent services throughout the Sabbath, including youth meetings, homecomings, prayer services, weddings and funerals. That Smyrna Church, which serves approximately three hundred people, including members and friends, (started a building program early in the 1950's) and now has physical facilities valued at approximately One Hundred Seventy Five Thousand Dollars. That the church is located on the North side of the road leading from the direction of Clarkton towards Chadbourn. That the Smyrna road leads from Whiteville and ends directly in front of the church so that traffic converges from the South, East and West, as well as feeding in from the North. That the Smyrna cemetery is large and is frequently used by most members of the congregation to inter their deceased loved ones and said cemetery lies South of the church approximately five hundred feet on the road toward Whiteville. (That of all the traffic which would feed into the Carter property in question, about three fourths thereof would come immediately by the Church facilities. That on occasion of funerals at the Church or cemetery the persons attending either walk or ride to the cemetery and park on the edges of the Smyrna Road.)

"9. (That operation of a race track as threatened by the defendants creates noise which can be heard for miles away, and as

close as the track is to the Church, the noise from automobile engines and squealing tires will completely disrupt any service being held at Smyrna Church. That the attendant noise of crowds and traffic would only add to the already unbearable condition. That the operation of a race track carries with it extremely indecent persons and behavior, including gambling, drinking, peddling and immorality. That a Sunday afternoon race would make it impossible to have weddings, funerals, or other functions and due to noise of tuning engines and practicing on Sunday morning, any Sunday morning service would be disturbed and disrupted. That the traffic problem would be a hazard to all persons attending church functions and during congested hours it would be virtually impossible to get in and out of the church parking lot. That during church functions children will be playing on the grounds and there is a great danger to their health and safety.)

. . . . . . . .

"11. (That the operation of a race track by the defendants will so annoy and disturb the plaintiffs and other members of Smyrna Church in the use of the church property and render them so uncomfortable as to constitute a continuing private and public nuisance. That the plaintiffs and those they represent would be irreparably injured by the operation of the race track and for such injuries and damages there would be no possibility of repair or compensation. That there is no adequate remedy at law for the damages that the plaintiffs will inevitably suffer.)"

The complaint was filed 11 March 1964, and on the same date Braswell, J., signed an order temporarily restraining defendants from constructing the race track facilities, and directing them to appear at a time certain and show cause why the restraining order should not be continued to the final hearing.

Defendant Carter demurred *ore tenus* and moved that the action be dismissed as to her. The demurrer and motion were overruled by Mallard, J., on 4 April 1964. Defendant Carter does not appeal.

Corporate defendant moved to strike portions of the complaint and at the hearing upon return of the restraining order demurred *ore tenus* to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The motion to strike was sustained in part and overruled in part. The portions stricken are not set out in the complaint as copied above; the portions which the court refused to strike are enclosed in parentheses. The court overruled the demurrer, and continued the restraining order until the hearing on the merits.

*Powell, Lee & Lee for plaintiffs.*
*Powell & Powell and Nance, Barrington, Collier & Singleton for defendants.*

Moore, J. Plaintiffs seek to permanently enjoin an alleged prospective private nuisance. The substance of their complaint is that corporate defendant is in the process of constructing a race track and other facilities for the racing of automobiles on Sundays and holidays, the facilities to accommodate 12,000 or more spectators, and the race track to be located about 2500 feet from the Smyrna Baptist Church, an active church established 80 years ago and having a large membership and owning buildings and facilities valued at $175,000 and regularly holding religious services throughout each Sabbath and at other times, and that the noise from the racing motors, and the squealing of tires and the crowds assembled at the track will disrupt, and make impossible the conducting of, the usual church services on Sundays, and plaintiffs and those they represent will be irreparably injured by the construction and operation of the race track.

A race track is not a nuisance *per se.* But its operation may, under certain circumstances, be a nuisance *per accidens, i.e.,* a nuisance in fact. *Kohr v. Weber,* 166 A. 2d 871 (Pa. 1960) ; *Smilie v. Taft Stadium Board of Control,* 205 P. 2d 301 (Okla. 1949) ; *Rohan v. Detroit Racing Asso.,* 22 N.W. 2d 433, 166 A.L.R. 1246 (Mich. 1946) ; 66 C.J.S., Nuisances § 31, pp. 784-5. A race track may be a nuisance in a rural area. *Kohr v. Weber, supra.*

It is well settled that a court of equity may, under proper circumstances, enjoin a threatened or anticipated nuisance. Courts are reluctant to interfere by injunction in a legitimate business enterprise. Where the thing complained of is not a nuisance *per se,* but may or may not become a nuisance, according to the circumstances, and the injury apprehended is merely eventual or contingent, equity will not interfere. *Wilcher v. Sharpe,* 236 N.C. 308, 72 S.E. 2d 662. "Where it is sought to enjoin an anticipated nuisance, it must be shown  (a)  that the proposed construction or the use to be made of property will be a nuisance *per se;*  (b)  or that, while it may not amount to a nuisance *per se,* under the circumstances of the case a nuisance must necessarily result from the contemplated act or thing. . . . The injury must be actually threatened, not merely anticipated, it must be practically certain, not merely probable. It must further be shown that the threatened injury will be an irreparable one which cannot be compensated by damages in an action at law." *Pennsylvania Co. v. Sun Co.,* 138 A. 909, 55 A.L.R. 873 (Pa. 1927). In *Causby v. Oil Co.,* 244 N.C. 235, 93 S.E. 2d 79, it is said: " 'The mere apprehension of a nuisance is insufficient

to warrant equitable relief, and in order to restrain future acts with respect to the use of a proposed building, it is necessary to set forth facts which show with reasonable certainty that such result would likely follow.' *Wilcher v. Sharpe, supra.* As was said by Walker, J., in *Durham v. Cotton Mills,* 141 N.C. 615, 54 S.E. 453; 'When the interposition by injunction is sought to restrain that which it is apprehended will create a nuisance, the proof must show that the apprehension of material and irreparable injury is well grounded upon a state of facts from which it appears that the damage is real and immediate.' " See *Missouri v. Illinois,* 180 U.S. 208; *Commerce Oil Ref. Corp. v. Miner,* 281 F. 2d 465, 86 A.L.R. 2d 1307 (1st Cir. 1960), *cert. den.* 364 U.S. 910; *Phillips v. Adams,* 309 S.W. 2d 205 (Ark. 1958); *McPherson v. First Presbyterian Church,* 248 P. 561, 51 A.L.R. 1215 (Okla. 1926); *Edmunds v. Duff,* 124 A. 489, 33 A.L.R. 719 (Pa. 1924); *Lewis v. Berney,* 230 S.W. 246 (Tex. 1921); *Lansing v. Perry,* 184 N.W. 473 (Mich. 1921); 39 Am. Jur., Nuisances, § 63, pp. 346-7; 55 A.L.R. 724; 26 A.L.R. 937; 7 A.L.R. 749.

In *Barrier v. Troutman,* 231 N.C. 47, 55 S.E. 2d 923, it is said: "Where the nuisance is continuous and recurrent and the injury irreparable, and remedy by way of damages inadequate, equity will restrain even though the enterprise be in itself lawful." Further: "To constitute irreparable injury it is not essential that it be shown that the injury is beyond the possibility of repair or possible compensation in damages, but that the injury is one to which the complainant should not be required to submit or the other party permitted to inflict, and is of such continuous and frequent recurrence that no reasonable redress can be had in a court of law."

Where a nuisance is private and arises out of the manner of operating a legitimate business or undertaking, a court of equity will, of course, do no more than point to the nuisance and decree adoption of methods calculated to eliminate the injurious features. *Rohan v. Detroit Racing Asso., supra.* In other words, a court of equity will not outlaw the entire operation if a decree restricting the time or method of operation will eliminate the injury. But if regulation will not abate the nuisance, the entire operation will be enjoined.

Mere noise may be so great at certain times and under certain circumstances as to amount to an actionable nuisance and entitle the party subjected to it to an injunction. *Kohr v. Weber, supra.* To amount to a nuisance, noise must be unreasonable in degree. Where noise accompanies an otherwise lawful pursuit, whether such noise is a nuisance depends on the locality, the degree of intensity and disagreeableness of the sounds, their times and frequency, and their effect, not on peculiar and unusual individuals but on ordinary, normal

and reasonable persons of the locality. *Smilie v. Taft Stadium Board of Control, supra.* See *Clinic & Hospital v. McConnell,* 236 S.W. 2d 834, 23 A.L.R. 2d 1278 (Mo. 1951); 66 C.J.S., Nuisances, § 22, pp. 772-775.

A pursuit which will create conditions rendering the appropriate enjoyment of surrounding properties impossible invades the rights of others, and equity will restrain the persistent pursuit of such injuries. No one is justified in establishing, adjacent to a church, a business or amusement the noise of which will render practically impossible the continuance of the customary religious services in the church. *First M. E. Church v. Cape May Grain & Coal Co.,* 67 A. 613 (N.J. 1907); *McPherson v. First Presbyterian Church, supra.*

Applying the foregoing principles to the complaint in the instant case, we are of the opinion that plaintiffs have alleged facts sufficient to constitute a cause of action for permanent restraint of the construction and operation of the race track. For the purpose of testing the sufficiency of the complaint, the demurrer admits the truth of the factual averments well stated and relevant inferences of fact reasonably deducible therefrom, 3 Strong: N. C. Index, Pleadings, § 12, pp. 625-6. The complaint pictures a rural church where for generations the people of the neighborhood have gathered each Sabbath to worship according to their faith in pastoral serenity, participate in various religious services throughout the day, and on special occasions to witness and celebrate marriages and to pay their last respects to their dead and inter them in the cemetery nearby. Corporate defendant is taking the initial steps toward the construction of a race track and other facilities, about one-half mile from the church, for the purpose of racing motor vehicles on Sundays and holidays; the facilities are to be sufficient for the accommodation of thousands of racing fans and spectators. The sound of motors racing at high speed, the noise of squealing brakes and the yelling and screaming of the crowds will disrupt and render practically impossible the conduct of Sunday church services. Corporate defendant, if sufficiently solvent, could pay in damages the value of the church buildings and property. But to require the abandonment of Sunday services on the Sabbath, or the removal of the place of worship from the neighborhood and from the vicinity of the cemetery to a place remote from the homes of the church members, would amount to irreparable damage, an injury to which plaintiffs and those they represent should not in equity be required to submit.

Defendant contends that the only question raised by the complaint and the prayer for relief is whether the race track and related structures should be erected. It asserts that the matter of operation and any injury which might flow therefrom is not pertinent, that there is no

operation and what the operation may be in the future is a mere apprehension. Defendant's analysis is too restricted. The erection of a structure or a building may be enjoined if its contemplated use must necessarily result in a nuisance. *Causby v. Oil Co., supra; Edmunds v. Duff, supra; Pennsylvania Co. v. Sun Co., supra.* It is not logical to suppose that a race track for automobiles will not be used for racing automobiles. The complaint alleges that it has been publicly announced that the race track will be used "particularly on Sundays and holidays." Defendant's refined and technical construction of the complaint is rejected.

Defendant contends that the crucial allegations of the complaint are not based on any existent fact, refer to a purely imaginary situation, and are conclusions of the pleader and therefore should have been stricken from the complaint in compliance with defendants' motion. *Broadway v. Asheboro,* 250 N.C. 232, 108 S.E. 2d 441. Defendant refers to such allegations as the following: the "speedway will be used particularly on Sundays . . ."; "operation of a race track as threatened by defendants creates noise which can be heard for miles away"; "the noise from automobile engines and squealing tires will completely disrupt any service being held at Smyrna Church." We do not agree that such allegations are mere conclusions of the pleader. In a system of logic they would be conclusions; but, indeed, all statements of ultimate fact are conclusory in nature. They are allegations of fact susceptible of proof. Whether plaintiffs will be able to make satisfactory proof at the trial upon the merits does not concern us here. We have said: "The reasons for preventing a prospective nuisance are at least as cogent as those for abating a present one. In the latter instance the courts act more readily because they are sure of their ground. The evil is visible. However, the call for protection against an apprehended injury, reasonably certain to befall, is as imperative as that for relief from one now felt. Nor is complainant required to wait until some harm has been experienced or to show with absolute certainty it will occur. One requirement will make the remedy largely useless, the other impracticable." *Causby v. Oil Co., supra.*

The court below, after considering the allegations of the complaint and many affidavits, continued the restraining order until the final hearing on the merits. There was no request for findings of fact, and the court made none. It is, therefore, presumed for the purpose of the order made that the court found facts sufficient to support the order. *Exterminating Co. v. Griffin,* 258 N.C. 179, 128 S.E. 2d 139. The court concluded that there "has been a showing by the plaintiff of equitable grounds for continuing the restraining order and of preserving the *status quo.*" The affidavits are not in the record, but the verified com-

plaint is sufficient to warrant the conclusion reached by the court. *Pleaters, Inc. v. Kostakes,* 259 N.C. 131, 129 S.E. 2d 881.

We think that the court's order on the motion to strike should in one respect be modified. Plaintiffs allege in substance that the maintenance and operation of the race track would cast upon the highways adjacent to the church grounds and cemetery much additional traffic which would interfere with the customary use of the highway for funeral occasions, would be a hazard to persons driving to and from the church parking lot, and would endanger children playing on the church grounds. Such allegations should be stricken. Plaintiffs have, with respect to the highways, no property rights which would be involved in this action, and have no authority over and right to control the public highways. They are primarily ways of public travel and open alike to all. *Smilie v. Taft Stadium Board of Control, supra.*

Modified and affirmed.