543 P.2d 150
**Robert McQUADE and Mary Jane McQuade, husband and wife, Appellants,**

**v.**

**TUCSON TILLER APARTMENTS, LTD., a limited partnership, Appellee.**

**No. 2 CA–CIV 1929.**

Court of Appeals of Arizona, Division 2.

Dec. 15, 1975.

Richard L. Keefe, Tucson, for appellants.

S. Leonard Scheff, Tucson, for appellee.

## OPINION

HATHAWAY, Judge.

This is an appeal from an order enjoining appellants from holding concerts with loud music, holding mass attendance events with crowds larger than appellants' property can accommodate, and from hauling sand and gravel across the public easement west of appellee's apartment complex.

Appellee's apartment building adjoins appellants' shopping center, Plaza Antigua. The court found that in the past two years appellants had held 5 to 10 rock music events which attracted between 3,000 and 7,000 people. The court found that the appellants' premises cannot accommodate such large crowds without interfering with appellee's property and that the noise from

these concerts is so loud as to interfere with the reasonable use of appellee's property.

■ These findings of fact are supported by the record and we accept them. *Polk v. Koerner,* 111 Ariz. 493, 533 P.2d 660 (1975).

■ It is undisputed that appellants intend to continue holding mass music events. The purpose of these concerts is to promote the businesses in Plaza Antigua. As this is a continuing business practice, we will treat this case as one involving a continuing nuisance rather than an anticipated nuisance. The fact that the injury is only occasional does not prevent an injunction. 58 Am.Jur.2d, Nuisances, Sec. 31 (1971).

■ Music does not constitute a nuisance per se, but it may become a nuisance because of loud noise or the attraction of large crowds. *Corbi v. Hendrickson,* 268 Md. 459, 302 A.2d 194 (1973); 58 Am.Jur.2d, Nuisances, Sec. 65 (1971). Noise, to be enjoined, must produce substantial injury and annoy the normal person. *Kubby v. Hammond,* 68 Ariz. 17, 198 P.2d 134 (1948); *Hooks v. International Speedways, Inc.,* 263 N.C. 686, 140 S.E.2d 387 (1965). In determining whether the acts constitute a nuisance, the court should consider all the circumstances including the locality and character of the surroundings, the nature of the defendant's business and the manner in which it is conducted, the value to the community of the defendant's activities, the defendant's ability to reduce the harm, and the extent to which the defendant would be damaged by an injunction and the plaintiff damaged by the failure to enjoin. The court can also consider priority of use. *Bates v. Quality Ready-Mix Co.,* 261 Iowa 696, 154 N.W.2d 852 (1967); *Borsvold v. United Dairies,* 347 Mich. 672, 81 N.W.2d 378 (1957); *Harden Chevrolet Co. v. Pickaway Grain Co.,* Ohio Com.Pl., 27 Ohio Op.2d 144, 194

N.E.2d 177 (1961); *Abdella v. Smith,* 34 Wis.2d 393, 149 N.W.2d 537 (1967); 58 Am.Jur.2d, Nuisances, Sec. 23 (1971).

In sum, the court looks at the reasonableness of the defendant's activities in the locality. This involves a balancing test.

■ Here the area is neither residential nor industrial. Appellants' mass musical events are not of great utility to the community. Although appellants can take steps to reduce the harm, any improvements will be minor so long as the loud music and large crowds continue. Appellants are not greatly harmed by this injunction. The mass events are not necessary to running the shopping center and appellants are free to engage in other activities which advertise their shopping center.

On the other hand, if the injunction is not upheld, appellee's tenants will continue to suffer from the long days of loud noise, parking problems, trespass, and other annoyances.

Applying a balance test, we have no hesitancy in holding appellee's right to use and enjoyment outweighs appellants' interest in continuing to hold loud, mass attendance events.

We agree with the California Court of Appeals in *Morton v. Superior Court,* 124 Cal.App.2d 577, 269 P.2d 81 (1954) where it stated:

"The law is well settled to the effect that, when the defendant's business is not a nuisance per se, the injunction should be limited in scope so as to not enjoin the defendant's entire business if a less measure of restraint will afford the relief to which the plaintiff is entitled." 269 P.2d at 85.

■ The injunction in the present case is so limited. Reasonable advertising methods may be used. Appellant's entire business is not enjoined.

It is conceded that appellants held events at their shopping center before appellee's apartments were built. However, coming to the nuisance is not a complete defense, but only one factor to consider along with the others. *Harden Chevrolet Co. v. Pickaway Grain Co., supra; Spencer Creek Pollution Control Ass'n v. Organic Fertilizer,* 264 Ore. 557, 505 P.2d 919 (1972); *Guarina v. Bogart,* 407 Pa. 307, 180 A.2d 557 (1962). That portion of the injunction prohibiting loud noise and crowds greater than appellants' property can accommodate is upheld.

The lower court also enjoined appellants from using the public easement west of appellee's property for hauling sand and gravel. It found that appellants intend to use this route in the future. Although appellants have not used the route for two years, they may use it again if they sell the property over which the present route lies. It is uncertain when, if ever, the property will be sold. The law is well settled that in order to enjoin an anticipated nuisance, the nuisance must be highly probable. *Grossman v. Hatley,* 21 Ariz.App. 581, 522 P.2d 46 (1974); *Vickridge First and Second Addition Homeowners Ass'n v. Catholic Diocese of Wichita,* 212 Kan. 348, 510 P.2d 1296 (1973); *Hooks v. International Speedways, Inc.,* supra; W. Prosser, Law of Torts, Private Nuisance, Sec. 87 (4th ed. 1971).

The Washington Supreme Court stated in *Turner v. City of Spokane,* 39 Wash.2d 332, 235 P.2d 300 (1951):

"While it is true that a court of equity may enjoin a threatened or anticipated nuisance, public or private, where it clearly appears that a nuisance will necessarily result . . . the court ought not to interfere, where the injury apprehended is of a character to justify conflicting opinions as to whether it will in fact ever be realized." 235 F.2d 301–302.

The anticipated nuisance here is too doubtful to support an injunction. This decision does not prevent a future suit should a nuisance arise in regard to the easement.

The injunction is affirmed as modified.

HOWARD, C. J., and KRUCKER, J., concur.