DUKE POWER COMPANY v. CITY OF HIGH POINT, ET AL.

No. 8318SC775

(Filed 3 July 1984)

**1. Electricity § 2.3— city's extension of electric lines—service of city facilities**

The first sentence of G.S. 160A-312 granted a city the absolute authority, without limitation or restriction, to extend electric service to its city-owned facilities outside the city limits. The second sentence of G.S. 160A-312 providing that a city proposed extension of electric service must be "within reasonable limitations" has no application where the city proposes to extend service in order to serve itself.

**2. Injunctions § 2.1— failure to show irreparable injury**

The trial court erred in enjoining a city from serving private customers by electric lines extended to city facilities outside the city limits where there was no evidence that the city presently intends to serve private customers with such lines, since there was no showing of a real and immediate irreparable injury.

APPEAL by plaintiff and defendant from *Hobgood, Hamilton, Judge*. Judgment entered 24 February 1983 in Superior Court, GUILFORD County. Heard in the Court of Appeals 2 May 1984.

Duke Power Company (Duke) appeals from an order authorizing the City of High Point (the City) to extend electric lines out-

side city limits in order to serve a pollution control plant, a police academy, and a garbage pulverizer plant, all owned and operated by the City. Prior to this action, Duke had been providing electric service to all three city facilities, located just east of the city limits.

The City appeals from that part of the order enjoining it from serving private customers outside city limits, using its newly constructed east side electric lines.

We interpret in this opinion G.S. 160A-312 as it affects a City's right to extend electric service outside its corporate limits. For reasons herein set forth, we affirm that part of the order authorizing the City to serve its own facilities and vacate that part of the order enjoining the City from serving other potential customers.

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Daniel W. Fouts, W. Winburne King, III, and Thomas W. Brawner, for plaintiff.*

*Spruill, Lane, Carlton, McCotter & Jolly, by John R. Jolly, Jr., Ernie K. Murray, and J. Phil Carlton, for defendant.*

VAUGHN, Chief Judge.

I.

[1] G.S. 160A-312 has been established as the sole legislative authority for and only restriction upon municipalities furnishing electric service outside their corporate limits. *See State ex rel. Utilities Comm. v. Virginia Elec. and Power Co.*, 310 N.C. 302, 311 S.E. 2d 586 (1984); *Lumbee River Electric Corp. v. City of Fayetteville*, 309 N.C. 726, 309 S.E. 2d 209 (1983); *Electric Service v. City of Rocky Mount*, 285 N.C. 135, 203 S.E. 2d 838 (1974).

The first sentence of G.S. 160A-312 provides: "A city shall have authority to acquire, construct, establish, enlarge, improve, maintain, own, operate and contract for the operation of any or all of the public enterprises as defined in this Article to furnish services to the city and its citizens." We interpret this sentence as granting the City absolute authority, without limitation or restriction, to extend electric service to its city-owned facilities in this case.

The second sentence of G.S. 160A-312 grants a city limited, rather than absolute authority to extend electric service to private customers outside city limits. Pursuant to the second sentence of G.S. 160A-312, a city proposed extension of electric service must be "within reasonable limitations." It is this basis of authority that we relied on in the companion case, filed simultaneously herewith, authorizing the City to extend electric service in order to provide street lights outside city limits. *Duke Power v. City of High Point #2* (filed 3 July 1984).

The second sentence of G.S. 160A-312 has no application here, where the City proposes to extend service in order to serve itself. Duke's argument, therefore, that the City's extension would exceed reasonable limitations is without merit.

In light of the City's absolute right to serve itself, we affirm the trial court order authorizing the extension of east side electric lines by the City.

## II.

[2] It is well-established that an injunction will be granted only when irreparable injury is both real and immediate. *See Membership Corp. v. Light Co.*, 256 N.C. 56, 122 S.E. 2d 761 (1961). Injunctive relief is premised on an injury actually threatened and practically certain, not one anticipated and merely probable. *Hooks v. Speedways, Inc.*, 263 N.C. 686, 140 S.E. 2d 387 (1965).

Duke has not shown that the prospective loss of potential customers outside city limits was an injury warranting injunctive relief. In Finding of Fact Number 25, the trial court found:

> While it is not uncommon for cities maintaining their own electric distribution systems to serve power customers outside their corporate limits, no evidence was presented at trial tending to indicate that the City presently is considering serving any specific electric customers other than itself, and no evidence was presented tending to indicate that the City presently intends to acquire new customers along the line extensions to the East Side Plant.

Since a judgment should adjudicate the basic legal rights of the parties in view of present and not anticipated facts, *Membership Corp. v. Light Co., supra*, we vacate that portion of the judg-

ment enjoining the City from serving customers from its east side electric lines, other than city-owned facilities and public enterprises. We note, however, that the City's future rights if it desires to serve private customers outside the City from its east side electric lines will be governed by the reasonable limitation standard contained in the second sentence of G.S. 160A-312.

Affirmed in part.

Vacated in part.

Judges BRASWELL and EAGLES concur.