G. W. MORGAN AND WIFE, ALTA LEE MORGAN, v. HIGH PENN OIL COMPANY AND SOUTHERN OIL TRANSPORTATION COMPANY, INC.

(Filed 10 December, 1952.)

**Appeal and Error § 2—**

An order overruling a demurrer *ore tenus* is not appealable.

APPEAL by defendants from *Sink, J.,* at September Term, 1952, of GUILFORD.

Civil action based on an alleged private nuisance heard upon a demurrer *ore tenus* to the complaint.

These are the controlling facts in chronological order:

1. The plaintiffs, G. W. Morgan and his wife, Alta Lee Morgan, filed their complaint at the time of the issuance of the summons. The complaint alleges in detail that the plaintiffs own and occupy a tract of land worth $25,000 in Guilford County, North Carolina; that the defendants, High Penn Oil Company and Southern Oil Transportation Company, Inc., operate an oil refinery and an oil distribution center in permanent structures on adjoining premises owned by the defendant, Southern Oil

Transportation Company, Inc.; that the oil refinery and the oil distribution center are so constructed and so operated by the defendants as to cast large quantities of noxious fumes and gases onto the neighboring land of the plaintiffs, causing them to suffer great annoyance and discomfort in the enjoyment of their property and inflicting upon such property substantial damage; and that the continued maintenance of the resultant nuisance by the defendants will destroy both the usefulness and value of the land of the plaintiffs. The plaintiffs pray for a perpetual injunction enjoining the continuance of the alleged wrongful acts of the defendants, or for damages totaling $25,000 "in the event such an injunction is not granted."

2. The defendants filed a joint answer within the time appointed by law. The answer admits that the Southern Oil Transportation Company, Inc., owns the lands adjoining the tract claimed by the plaintiffs; that the Southern Oil Transportation Company, Inc., acting alone, maintains an oil distribution center on such premises; and that the High Penn Oil Company, acting alone, operates an oil refinery on such premises. It denies, however, that either of the defendants conducts its business in such a manner as to constitute a nuisance, or to cause injury to neighboring lands or landowners.

3. When the action came on to be heard at the September Term, 1952, of the Superior Court of Guilford County, the defendants interposed a demurrer *ore tenus* on the theory that the complaint does not state facts sufficient to constitute a cause of action because it "alleges a private nuisance and then alleges as the measure of damages . . . the difference between the fair market value of the property before the alleged acts and the fair market value after the alleged acts." Judge H. Hoyle Sink, who presided, entered an order overruling the demurrer *ore tenus,* and the defendants appealed, assigning such ruling as error.

*Frazier & Frazier for plaintiffs, appellees.*
*Roberson, Haworth & Reese for defendants, appellants.*

ERVIN, J. This question arises at the threshold of the appeal: Is an order overruling a demurrer *ore tenus* appealable?

The answer is "No." *Hood, Comr. of Banks v. Motor Co.,* 209 N.C. 303, 183 S.E. 529; *Griffin v. Bank,* 205 N.C. 253, 171 S.E. 71; *Mountain Park Institute v. Lovill,* 198 N.C. 642, 153 S.E. 114; *Chambers v. R. R.,* 172 N.C. 555, 90 S.E. 590; *Shelby v. Railway Co.,* 147 N.C. 537, 61 S.E. 377; *Hall v. Railroad,* 146 N.C. 345, 59 S.E. 879; *Burrell v. Hughes,* 116 N.C. 430, 21 S.E. 971; *Joyner v. Roberts,* 112 N.C. 111, 16 S.E. 917; *Sprague v. Bond,* 111 N.C. 425, 16 S.E. 412; McIntosh: North Carolina Practice and Procedure in Civil Cases, section 676.

The reasons for the rule that an appeal does not lie from an order over-ruling a demurrer *ore tenus* were thus stated in *Joyner v. Roberts, supra:* "It is contended, however, that this is, in effect, a demurrer *ore tenus,* and that, therefore, an appeal lies. From the overruling of a formal demurrer an appeal does lie. But there is this protection against abuse, that if the demurrer is frivolous, judgment is at once granted the plaintiff. The Code, section 388. (Now G.S. 1-219.) But there is no such remedy on overruling this motion. . . . If an appeal lay in such cases, every defend-ant in every case could procure six or twelve months' delay by simply objecting to the jurisdiction or to the sufficiency of the complaint, no matter how plain the case or how utterly unfounded the grounds of the objection, since, as has been already said, judgment cannot be entered as when a frivolous demurrer is filed. To rule that an appeal lay in such case would be simply to establish a 'stay-law.' There is less excuse for an appeal in this particular respect, since the defendants cannot possibly be damaged by delaying the appeal till the final judgment, because, even though they should fail to note an exception, the objection to the juris-diction and for failure of the complaint to state a cause of action can still be taken advantage of for the first time in this Court. Rule 27 of the Supreme Court. (Now Rule 21.) Those grounds of objection cannot be waived by proceeding to trial . . . The hardship, if any, is on the other side, who may find (if he has not a cause of action or the Court has not jurisdiction) that his victory is barren, and that he has the costs to pay for his bootless clamor. . . . There are some questions which, by the reiterated and uniform adjudications in regard to them, should be deemed settled. This is one of them."

Appeal dismissed.