unless he is first tried and convicted for *such misdemeanor* in the inferior court and appeals to the Superior Court from sentence pronounced against him by the inferior court on his conviction for such *misdemeanor*. *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283." *S. v. Hall,* 240 N.C. 109, 81 S.E. 2d 189.

"The record fails to disclose jurisdiction in the court below. *S. v. Patterson,* 222 N.C. 179, 22 S.E. 2d 267. As that court was without jurisdiction, in so far as this record discloses, we have none. *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700. Therefore, the appeal must be dismissed on authority of *S. v. Patterson, supra.*" *S. v. Morris,* 235 N.C. 393, 70 S.E. 2d 23.

For such failure of this record to show jurisdiction, the appeal must be dismissed. Rule 19 (1), Rules of Practice in the Supreme Court, 221 N.C. 544 (553).

Appeal dismissed.

---

DAVID LANGLEY v. GEORGE TAYLOR, CHAIRMAN, AND TOMMIE SPARROW AND J. L. LANCASTER, MEMBERS COMPRISING THE BEAUFORT COUNTY ABC BOARD ON JUNE 15, 1951.

(Filed 2 March, 1955.)

**Appeal and Error § 2—**

An order overruling a demurrer *ore tenus* is not appealable.

APPEAL by defendants from *Nimocks, J.,* October Term, 1954, of BEAUFORT.

Civil action to recover damages for the alleged negligent failure of the defendants to require William A. Patrick, an ABC enforcement officer, to give bond as prescribed by G.S. 128-9. The plaintiff herein instituted an action against Patrick, *et al.,* in 1952, which case was disposed of at the Fall Term, 1953, of this Court. See *Langley v. Patrick,* 238 N.C. 250, 77 S.E. 2d 656.

In the instant case the defendants demurred *ore tenus* to the plaintiff's complaint. The court below overruled the demurrer and the defendants appeal, assigning error.

*LeRoy Scott and John A. Wilkinson for plaintiff.*
*Rodman & Rodman for defendants.*

PER CURIAM. An order overruling a demurrer *ore tenus* is not appealable. *Morgan v. Oil Co.,* 236 N.C. 615, 73 S.E. 2d 477. Hence, this

appeal will be dismissed on authority of the above decision and the cases cited therein.

Appeal dismissed.

GEORGE SLAYDON v. OLIVIA MARION, ORIGINAL DEFENDANT, AND SANFORD MARION, ADDITIONAL DEFENDANT.

(Filed 2 March, 1955.)

APPEAL by plaintiff from *Sharp, S. J.,* at November Special Civil Term 1954, of SURRY.

Civil action to have certain deed adjudged to be void.

Plaintiff alleges, in his complaint, substantially these facts: (1) That on 22 February, 1944, while he and *feme* defendant, Olivia Marion, now Olivia Slaydon Marion, were husband and wife, he, at her instance and request, and in consideration of and in reliance upon her promise to execute and deliver to him a warranty deed conveying and releasing to him all her right, title and interest in and to certain land in Surry County, North Carolina, title to which rested in them as husband and wife, and for which he had paid the purchase price, plaintiff "executed and turned over to defendant a deed to certain land belonging to him, which said deed was filed for registration and is of record" in Book 148 at page 300 in office of Register of Deeds of Surry County;

(2) That defendant failed and refused to execute such deed of conveyance and release to plaintiff, but abandond him and left, and has since remained outside the State; and

(3) "That said deed . . . was secured by the defendant from the plaintiff fraudulently and deceitfully, and utterly lacking in consideration."

Defendants demurred *ore tenus* upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

The demurrer was sustained. And from judgment in accordance therewith plaintiff appeals to Supreme Court, and assigns error.

*Frank Freeman for Plaintiff, Appellant.*
*Woltz & Barber and Thomas M. Faw for Defendants, Appellees.*

PER CURIAM. In the light of well settled principles applicable to actions based upon fraud, applied to the allegations of the complaint, it is readily seen that the facts alleged are insufficient to state a cause of action. Hence the ruling of the court below, in sustaining the demurrer, is

Affirmed.