T. L. CAUSBY, J. Y. HOCKER, M. W. KINCAID, FRED RATLEDGE, AND ON BEHALF OF OTHER RESIDENTS OF THE GUILFORD COMMUNITY, SIMILARLY SITUATED, V. HIGH PENN OIL COMPANY.

(Filed 6 June, 1956.)

**1. Injunctions § 4d: Nuisance § 3c—**

Plaintiffs' evidence tending to show that the operation of a lawful business by defendant caused the emission of noxious and nauseating odors into the air, polluting the air within a radius of about two miles, and resulting in annoyance and inconvenience and a hazard to health, thus depriving plaintiffs of the healthful enjoyment of their homes, is sufficient to show an abatable private nuisance *per accidens*, regardless of the degree of care or skill exercised by defendant to avoid such injury.

**2. Injunctions § 8—**

While the judge, upon the hearing of motion for a temporary restraining order, may not decide the cause on the merits, the court must consider and weigh the affidavits and other evidence of the opposing parties for the purpose of ascertaining whether plaintiff has made out an apparent case.

**3. Same—**

Where plaintiff has made out an apparent case for injunctive relief, the court will ordinarily issue a temporary restraining order when the injury which defendant would suffer from its issuance is slight as compared with the damage which plaintiff would sustain from its refusal if the plaintiff should finally prevail.

**4. Injunctions § 4d—**

While mere apprehension of a nuisance is insufficient to warrant equitable relief, it is not required that plaintiff wait until some harm has been experienced or show with absolute certainty that it will occur, but injunction will lie upon proof that apprehension of material and irreparable injury is well grounded upon a state of facts from which it appears that the danger is real and immediate.

**5. Same—**

Generally, when the proof tends to show with reasonable certainty that there is a well grounded apprehension of danger to health or life by reason of the threatened use of adjacent property, such user should be restrained until the final hearing.

**6. Injunctions § 8—Evidence held sufficient to support order restraining to final hearing operation of business in such manner as to constitute nuisance per accidens.**

Plaintiffs' evidence tended to show that the operation of defendant's plant, prior to its destruction by an explosion, constituted an abatable private nuisance *per accidens*, that defendant was rebuilding its plant, and that the operation of the rebuilt plant by the same defendant in the same business would likely result in a continuance of the same nuisance. *Held:* The evidence is sufficient to support the issuance of a temporary order by the court enjoining defendant from operating the rebuilt plant in such manner as to emit the noxious and nauseating odors complained of, but such temporary order should specify that it should be effective only until the final hearing upon the merits.

APPEAL by defendant from *Crissman, J.,* October Civil Term 1955 of GUILFORD.

Civil action instituted on behalf of plaintiffs and other persons similarly situated to abate a private nuisance heard upon a motion for a temporary restraining order.

The essential facts alleged in the complaint appear in the numbered paragraphs which follow.

*One.* All the plaintiffs own land and reside on it in the immediate vicinity of defendant's refinery for re-refining used motor oil.

*Two.* The operation of this refinery by the defendant has polluted the air within a radius of about two miles of the refinery with offensive and nauseating odors annoying and discomforting the plaintiffs and injuring their health. Such operations of the refinery have produced physical suffering, discomfort and illness to some of the plaintiffs and others nearby. The odors given off by the refinery are excessive and unreasonable, and are so foul and nauseating as to make the homes of plaintiffs almost uninhabitable, or at least to keep them awake at night. Some children of plaintiffs have had sore throats, the cause of which has been attributed to these odors. The conditions are so bad as to constitute a nuisance in the vicinity.

*Three.* The refinery in its present location is a dangerous hazard. Recently there was an explosion there which wrecked the refinery, and in which two persons were killed and others injured.

*Four.* The defendant has begun rebuilding the refinery, and, unless restrained, will again put it into operation and continue the nuisance as before the explosion, depriving the plaintiffs of the healthful enjoyment of their homes, impairing the health of many of them and subjecting them to nauseating odors.

*Five.* The operations of the refinery are regular and continuous, and plaintiffs do not have an adequate remedy at law, and to permit the nuisance to continue will result in plaintiffs' irreparable injury.

*Six.* The defendant intends to renew operation of the refinery, when it is rebuilt.

The plaintiffs prayed the following relief: 1. That defendant be enjoined permanently from rebuilding the refinery at its present location, or 2. that it be restrained from operating the refinery in such a manner as to emit foul, nauseating and disagreeable odors causing a nuisance.

The essential allegations of the answer as to the question before us are these:

*One.* The defendant's oil re-refining plant is located near the center of a large area in which approximately 75% of the land area is devoted to business use as a large oil terminal, including immense facilities for the storage and transportation of petroleum products.

*Two.* The operation of an oil re-refining plant is a legitimate business.

*Three.* The operation of its re-refinery plant before the explosion did not emit foul and nauseous odors, and constitute a nuisance.

*Four.* Its re-refining plant which is now in the course of reconstruction has been built and is being built according to the plans and designs approved and in general use throughout the United States; that said plant so designed and so constructed, when put in operation, definitely and positively will not permit the escape of any obnoxious odors or fumes and that the operation of said plant will create no odor in any manner different from the odor prevalent in said area resulting from the handling of large quantities of petroleum products at the oil terminal.

The plaintiffs made a motion for a temporary injunction. At the hearing of this motion the plaintiffs offered in evidence the complaint, which was treated as an affidavit, and 18 affidavits of persons, who lived nearby defendant's oil re-refinery plant, or within a radius of not more than 2½ miles from it. The evidence in the affidavits tends to support the allegations of the complaint that the operation of the re-refinery plant before the explosion constituted a private nuisance. The affidavit of Mr. & Mrs. J. W. Cummings states they "feel, if the company is permitted to reopen the said plant, the conditions will be equally as bad as they were before, or worse, and that the operation will amount to a general nuisance in the whole community." The affidavits of Mr. and Mrs. Howard Sampson and of Ralph Cummings use identical language. The affidavit of Col. John W. Homewood contains these words: "Affiant verily believes that, if the said company is permitted to re-open the said plant, the conditions will be virtually the same as they were before the plant shut down, and will amount to a public nuisance in the whole community." The affidavit of L. B. Gallimore states: "Affiant further says that, if the defendant High Penn Oil Company is permitted

to re-open this plant and operates as it did before, the conditions in the whole neighborhood will be bad, and, in the opinion of this affiant, will amount to a nuisance."

The defendant offered in evidence its answer to be treated as an affidavit and the affidavit of R. L. Brinson, its President. R. L. Brinson's affidavit gave the location of defendant's re-refinery plant, its payroll, the cost of the materials used at the plant, the amount of its annual sales, the cost of rebuilding, and the number of its employees.

The court found the following facts in its order: The plant of the defendant, when operating before the explosion, was emitting foul, disagreeable and nauseating odors, as set out in the complaint. The defendant is rebuilding the plant, and definitely intends to re-open the plant in the near future. Judging by past performances the court is of the opinion that the nuisance complained of may continue, when operations are resumed, and so holds, as the operators are the same, the ownership is the same, and the business is the same, which was interrupted by the explosion. The court being of the opinion that the plaintiffs should have the relief sought in their motion enjoined the defendant from operating its re-refinery plant in such a manner as to emit the foul, disagreeable and nauseating odors complained of in the complaint.

The defendant appealed, assigning error.

*Wm. E. Comer for Plaintiffs, Appellees.*
*Brooks, McLendon, Brim & Holderness for Defendant, Appellant.*

PARKER, J. The appellant states in its brief: "This Court held in a prior case involving the same defendant that an oil re-refiner is a lawful enterprise and for that reason cannot be a nuisance *per se*. *Morgan v. Oil Co.*, 238 N.C. at p. 191." In the same case in the next sentence in the opinion of the Court, after the sentence paraphrased by appellant in its brief, the Court used this language: "The High Penn Oil Company falls into error, however, when it takes the position that an oil refinery cannot become a nuisance *per accidens* or in fact unless it is constructed or operated in a negligent manner."

The case referred to in appellant's brief is *Morgan v. Oil Co.*, 238 N.C. 185, 77 S.E. 2d 682, which was an action to recover temporary damages for a private nuisance and to abate such nuisance by injunction. The Court in the scholarly opinion by *Ervin, J.*, said on p. 191 of our Reports: "Most private nuisances *per accidens* or in fact are intentionally created or maintained, and are redressed by the courts without allegation or proof of negligence;" and later in the same opinion on p. 194 of our Reports the Court said: "A person who intentionally creates or maintains a private nuisance is liable for the resulting injury

to others regardless of the degree of care or skill exercised by him to avoid such injury." Further on in this opinion on p. 195 of our Reports this Court said: "When the evidence is taken in the light most favorable to the plaintiffs, it also suffices to warrant the additional inferences that the High Penn Oil Company intends to operate the oil refinery in the future in the same manner as in the past; that if it is permitted to carry this intent into effect, the High Penn Oil Company will hereafter cast noxious gases and odors onto the nine acres of the plaintiffs with such recurring frequency and in such annoying density as to inflict irreparable injury upon the plaintiffs in the use and enjoyment of their home and their other adjacent properties; and that the issuance of an appropriate injunction is necessary to protect the plaintiffs against the threatened irreparable injury. This being true, the evidence is ample to establish the existence of an abatable private nuisance, entitling the plaintiffs to such mandatory or prohibitory injunctive relief as may be required to prevent the High Penn Oil Company from continuing the nuisance." All the facts in *Morgan v. Oil Co.* occurred before the explosion at the re-refinery plant referred to in the instant case.

The evidence before his Honor amply supports his finding of fact that the operation of the re-refinery plant by the defendant up to the time of the explosion there constituted the existence of an abatable private nuisance, entitling the plaintiffs to such injunctive relief as might be required to prevent the defendant from continuing the nuisance. However, the defendant contends that, since the explosion at the re-refinery plant, it is rebuilding it, so that when it is put in operation it "will not permit the escape of any obnoxious odors or fumes," and that his Honor was in error in basing his restraining order upon an anticipated nuisance without sufficient proof.

In deciding this question it is necessary for us to consider the relevant rules which govern the granting or refusing of an interlocutory injunction. Many of these rules, many of which are relevant here, are set forth in an illuminating opinion by *Ervin, J.,* in *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116. In that case *Ervin, J.,* said for the Court: "While equity does not permit the judge who hears the application to decide the cause on the merits, it does require him to exercise a sound discretion in determining whether an interlocutory injunction should be granted or refused . . . The hearing judge considers and weighs the affidavits or other evidence of the opposing parties for the purpose of ascertaining whether the plaintiff has made out an apparent case for the issuance of an interlocutory injunction and whether the granting of an interlocutory injunction would work greater injury to the defendant than is reasonably necessary for the protection of the plaintiff. . . . The hearing judge necessarily refuses an interlocutory injunction if the

plaintiff fails to make out an apparent case for the issuance of the writ. . . . In determining the propriety of issuing an interlocutory injunction, the hearing judge considers and weighs the relative conveniences and inconveniences which the parties will suffer by the granting or the refusing of the writ, citing authorities. An injunction of this nature should be granted where the injury which the defendant would suffer from its issuance is slight as compared with the damage which the plaintiff would sustain from its refusal, if the plaintiff should finally prevail."

The courts are slow to interfere by injunction with the conduct of business enterprises, *Wilcher v. Sharpe*, 236 N.C. 308, 72 S.E. 2d 662, but a business enterprise cannot exercise its property rights to establish the existence of an abatable private nuisance, without entitling injured persons to injunctive relief, *Morgan v. Oil Co., supra.*

"The mere apprehension of a nuisance is insufficient to warrant equitable relief, and in order to restrain future acts with respect to the use of a proposed building, it is necessary to set forth facts which show with reasonable certainty that such result would likely follow." *Wilcher v. Sharpe, supra.* As said by *Walker, J.,* in *Durham v. Cotton Mills,* 141 N.C. 615, 54 S.E. 453: "When the interposition by injunction is sought to restrain that which it is apprehended will create a nuisance, the proof must show that the apprehension of material and irreparable injury is well grounded upon a state of facts from which it appears that the danger is real and immediate."

The findings of the judge in the instant case are that the operation of the re-refinery plant by the defendant before the explosion constituted the existence of a private nuisance, that the defendant is rebuilding the plant, and intends to continue its operation, and judging from past performances the court is of the opinion, and so holds, that the nuisance complained of in the past may continue, when operations are resumed, as the operators are the same, the ownership is the same and the business is the same, as before the explosion. If the defendant operates the re-refinery plant in the future, as the evidence shows it has in the past, it seems plain that such operation will result in irreparable injury to plaintiffs. The evidence before his Honor shows that the apprehension of material and irreparable injury is soundly based upon the fact that defendant before the explosion operated its re-refinery plant so as to constitute the existence of an abatable private nuisance, and that, after the plant is rebuilt and put in operation in the same business by the same defendant, there appears reasonable certainty that the former nuisance will be continued to plaintiffs' real and immediate danger.

His Honor did not restrain the rebuilding of the re-refinery plant, but merely enjoined the defendant from operating it, when rebuilt, in

such a manner "as to emit the foul, disagreeable and nauseating odors *complained of in this cause.*" The complaint alleges these odors are actually injuring their health. If the re-refinery plant, when rebuilt, will not permit the escape of any obnoxious fumes or odors of the kind and nature as set forth in the complaint, which defendant alleges in its answer, it is not hurt by the temporary injunction. If it does, and if the plaintiffs should finally prevail, their damage in the interim will be great, if the temporary injunction is vacated.

The reasons for preventing a prospective nuisance are at least as cogent as those for abating a present one. In the latter instance the courts act more readily because they are sure of their ground. The evil is visible. However, the call for protection against an apprehended injury, reasonably certain to befall, is as imperative as that for relief from one now felt. Nor is the complainant required to wait until some harm has been experienced or to show with absolute certainty it will occur. One requirement would make the remedy largely useless, the other impracticable.

The plaintiffs alleged in their complaint, which was offered in evidence as an affidavit, that the noxious odors and fumes from this re-refinery plant when in operation before the explosion actually injured their health. Generally, when the proof tends to show with reasonable certainty that there is a well grounded apprehension of danger to health or life by reason of the threatened use of adjacent property, such user should be restrained until the final hearing. *Cherry v. Williams,* 147 N.C. 452, 61 S.E. 267, where many of our cases are analyzed. Equity does not require a man to stand idle, until his family has sickened and died.

The assignments of error as to his Honor's findings of fact are overruled, for they are supported by competent evidence. The defendant's assignments of error as to the failure of the court to find the facts as contended by defendant are overruled. A person who intentionally maintains a private nuisance is liable for resulting injury to others regardless of the degree of care or skill exercised by him to avoid such injury. *Morgan v. Oil Co., supra.*

The judge below restrained the defendant, but did not add the words, *until the final hearing.* The order will be modified to read that the defendant is restrained from operating the re-refinery plant involved in such manner as to emit the foul, disagreeable and nauseating odors complained of in this case *until the final hearing.* The order as thus modified is affirmed.

Modified and affirmed.