RONALD D. DORSETT AND SHELBY E. DORSETT v. GROUP DEVELOP-
MENT CORPORATION AND L. A. REYNOLDS COMPANY
No. 68SC142

(Filed 14 August 1968)

**1. Pleadings § 19— effect of demurrer**

When the legal sufficiency of a pleading is tested by demurrer, the facts alleged and relevant inferences of fact reasonably deducible therefrom are admitted, but not the legal conclusions of the pleader.

**2. Deeds § 19— restrictive covenants — construction**

Restrictive covenants are not favored and will be strictly construed against limitation on use.

**3. Deeds § 20— restrictive covenants — property limited to residential use**

Restrictive covenants requiring that all houses in a certain subdivision contain a minimum amount of floor space, that all houses be built so that no concrete blocks are shown, and that there be no outside toilets, do not limit the use of the property to residential purposes, and a complaint seeking to restrain defendants from constructing and operating an asphalt plant on a lot in the subdivision is subject to demurrer for failure to allege a violation of the restrictive covenants.

**4. Injunctions § 7; Nuisance § 7— anticipated nuisance — injunctive relief**

The courts are reluctant to grant injunctive relief where the purported nuisance is merely anticipated and is not an actual, existing one.

**5. Injunctions § 7; Nuisance § 7— proposed use of property — pleadings**

In order to state a cause of action for restraining a proposed use of property on the ground that it will result in a nuisance, the complaint must allege facts showing that the contemplated injury is seriously threatened and is not merely apprehended.

**6. Injunctions § 7; Nuisance §§ 2, 3, 7— use of proposed building — cause of action**

In an action to restrain defendants from constructing and operating an asphalt plant upon a subdivision lot, allegations that the operation of the plant would result in a nuisance by subjecting plaintiffs and other homeowners in the subdivision to continuing odors, smoke and noise *are held* insufficient to state a cause of action for equitable relief in that the complaint fails to allege facts showing substantial grounds for anticipating immediate danger to the health or comfort of plaintiffs.

**7. Injunctions § 7; Nuisance § 7— failure to state cause of action — future actions**

Where it is determined on appeal that plaintiffs have stated no cause of action for an injunction prohibiting defendants from constructing and operating an asphalt plant, plaintiffs are not prohibited from bringing a

subsequent action if the asphalt plant should be constructed and operated in such a manner as to create a nuisance.

APPEAL by plaintiffs from *Collier, J.,* 25 March 1968, Civil Session, DAVIDSON Superior Court.

Plaintiffs appeal from a judgment of the trial court sustaining defendants' demurrers to their complaint.

The complaint alleged in substance that the defendant Group Development Corporation is the owner of a lot in a subdivision known as the Richfork Acres Development and had leased said lot to defendant Reynolds; that plaintiffs are the owners of a lot within said subdivision; that all lots within the subdivision except one are subject to the following covenants and restrictions:

"a.   All houses must contain a minimum of 1,050 square feet of floor space, this not to include porches, breezeways, and garages;

b.   All houses must be built so that no concrete or cinder blocks shall be shown;

c.   There are to be no outside toilets.";

that the restrictions and covenants "were inserted in said deeds pursuant to the aforesaid grantors' plain and obvious intention and purpose to create a general plan of residential development within said subdivision, to provide for each of the future owners of said property attractive residential property, and for the mutual benefit of all of the lots therein and the owners and purchasers thereof; that a general plan of residential development has actually been established within said subdivision, as evidenced by the construction of approximately twenty-two residences within said subdivision, and by the fact that heretofore improvements within and the use of said subdivision have been exclusively residential." The complaint further alleged that defendant Reynolds is in the process of "leveling, grading and preparing said lot for the construction thereon of facilities for the purpose of mixing asphalt and, unless restrained by this Court, intends to and will complete a facility on said lot for the purpose of fabricating asphalt;" that the "construction and contemplated use are flagrant and unreasonable violations of the covenants, restrictions and provisions placed upon the title acquired by defendant Group Development Corporation" in that the use, if permitted, will make the subdivision and particularly plaintiffs' property unattractive and lower the values of the property of plaintiffs and others in the subdivision; that "a nuisance would necessarily

result from the operation, upon completion, of said asphalt plant in the way and manner following: the plant will give off smoke that will be offensive in odor to the plaintiffs and other home owners within the subdivision and that will pollute the air in the area of the subdivision; moreover, a constant roaring noise will accompany the operation of the machinery and the trucks going into and coming from the plant site, to be located near the home of the plaintiffs"; that as a result the subdivision will suffer diminished property values and be subjected to continuing offensive odors and noises in derogation of their right to the peaceful enjoyment of their property. Plaintiffs seek a temporary injunction pending a hearing on the merits; and, upon a hearing on the merits, a permanent injunction to enjoin the construction of the asphalt plant in violation of the restrictions and in order to abate the threatened nuisance. Upon a hearing on the demurrers filed by both defendants, the trial court entered an order sustaining the demurrers and vacating the temporary restraining order theretofore entered. From this judgment, plaintiffs appealed.

*Phillips and Klass by Jack E. Klass and John W. Griffis, Jr. for plaintiff appellants.*

*Hooper and McGuire by L. D. McGuire for defendant appellee, Group Development Corporation.*

*Hatfield, Allman and Hall by James E. Humphreys, Jr. and C. Edwin Allman for defendant appellee, L. A. Reynolds Company.*

MORRIS, J.

[1]　When the legal sufficiency of a pleading is tested by demurrer, the facts alleged and relevant inferences of fact reasonably deducible therefrom are admitted, but not the legal conclusions of the pleader. *Pardue v. Speedway, Inc.,* 273 N.C. 314, 159 S.E. 2d 857.

Plaintiffs contend that the complaint presents a unique factual situation, deemed admitted for purposes of testing its sufficiency by demurrer, and states two causes of action entitling them to the relief sought. We do not agree.

The first cause of action, plaintiffs contend, is sufficient to allege a violation of the restrictive covenants.

[2]　While restrictive covenants are not impolitic, they are not favored. They impose servitudes in derogation of the right to free and unfettered use of the land and must, therefore, be strictly con-

strued against any limitation on use. *Hege v. Sellers*, 241 N.C. 240, 84 S.E. 2d 892.

[3]   The restrictions here alleged to be violated contain nothing limiting use to residential purposes only. Plaintiffs admit this, but they earnestly contend that a reasonable construction of the covenants prohibits the construction and operation of an asphalt plant within the subdivision. In support of this contention they rely on *Long v. Branham*, 271 N.C. 264, 156 S.E. 2d 235, and *Reed v. Elmore*, 246 N.C. 221, 98 S.E. 2d 360, where our Supreme Court discussed the problem of construing covenants where the meaning is doubtful. In *Long v. Branham, supra*, at 268, Justice Sharp quoted with approval the rules of construction stated in 20 Am. Jur., Covenants, Conditions, and Restrictions, § 187, as follows:

> "Covenants and agreements restricting the free use of property are strictly construed against limitations upon such use. Such restrictions will not be aided or extended by implication or enlarged by construction to affect lands not specifically described, or to grant rights to persons in whose favor it is not clearly shown such restrictions are to apply. Doubt will be resolved in favor of the unrestricted use of property, so that where the language of a restrictive covenant is capable of two constructions, the one that limits, rather than the one which extends it, should be adopted and that construction should be embraced which least restricts the free use of the land.

> Such construction in favor of the unrestricted use, however, must be reasonable. The strict rule of construction as to restrictions should not be applied in such a way as to defeat the plain and obvious purposes of a restriction."

We are not here concerned with an ambiguous restriction or the construction of restrictions of doubtful meaning. The included restrictions are clear and concise, and their meaning is not questioned. They simply do not contain a restriction limiting the use of the lots to residential purposes only, nor do they provide that no building other than a residence may be constructed. Similar restrictions were before the Court in *Scott v. Missions*, 252 N.C. 443, 114 S.E. 2d 74. There the only restrictions were (1) "There shall not be constructed on said lot more than one (1) dwelling house," but allowing servants' quarters in a garage or other outbuilding, and (2) "No building shall be constructed nearer than fifteen (15') feet from the side lines of said lot, nor nearer than twenty-five (25') feet from the line of the river shore." Plaintiffs there sought to enjoin the construction of a church in the subdivision. The trial court had held that the construc-

tion of a church would not be in violation of the restrictions. In affirming, the Supreme Court said:

> "It is clear that the owners of lots in the subdivision under consideration may not build more than one residence on each lot owned, but there is no restriction limiting the use of the property for residential purposes only . . ."

If the owner wanted to restrict his subdivision to residential purposes only, he could easily have said so. "The courts are not inclined to put restrictions in deeds where the parties left them out." *Hege v. Sellers, supra,* at 249.

For the reasons stated, we hold that the complaint does not allege a violation of the restrictive covenants.

[4-6]    With respect to the second cause of action, plaintiffs do not contend that an asphalt plant is a *nuisance per se* but do contend that the complaint alleges sufficient facts which, if proved at a hearing on the merits, would show that the construction and operation of the asphalt plant would necessarily result in a *nuisance per accidens.*

> As was said in *Louisville Refining Co. v. Mudd,* 339 S.W. 2d 181:

> "In the whole field of law there is nothing more difficult to capture within the confines of a workable definition than the concept of nuisance, nothing more dependent on the peculiar facts of the given case. Like the legendary and elusive gadfly Tyll Eulenspiegel, it scoffs at the conventionalities of the law."

*A fortiori,* courts have been slow to grant injunctive relief where the purported nuisance is merely anticipated and not an actual, existing one.

> "The mere apprehension of a nuisance is insufficient to warrant equitable relief, and in order to restrain future acts with respect to the use of a proposed building, it is necessary to set forth facts which show with reasonable certainty that such results would likely follow." *Causby v. Oil Co.,* 244 N.C. 235, 240, 93 S.E. 2d 79.

In that case the Court permitted an interlocutory injunction against an anticipated industrial nuisance. The defendant was rebuilding a plant for the refining of used motor oil. Before its destruction by fire, the original plant had been found to be a nuisance and its operation enjoined. The Court found that the evidence was sufficient to show that the new plant would probably be operated in the same manner as the old. Again in *Hooks v. Speedways, Inc.,* 263 N.C. 686,

140 S.E. 2d 387, the Court considered the question which was before it on the demurrer. The complained of anticipated nuisance was an automobile race track and the plaintiff was a church located 2500 feet therefrom which had been a community church for more than 80 years. The complaint alleged that the defendant had advertised publicly that automobile races would be conducted on Sundays and holidays. It further alleged that the facility would accommodate 12,000 or more spectators and that the noise from the racing motors, and the squealing of the tires and the crowds assembled at the track would disrupt and make impossible the conducting of the usual church service on Sunday. The Court, speaking through Justice Moore, held that the allegations met the test that "The injury must be actually threatened, not merely anticipated, it must be practically certain, not merely probable."

While in *Causby, supra,* and *Speedways, supra,* the alleged nuisance met the test of being seriously threatened and not merely apprehended, in *Wilcher v. Sharpe,* 236 N.C. 308, 72 S.E. 2d 662, the Court held that plaintiffs could not enjoin the construction and intended operation of a hammer feed mill which, they had alleged, would produce loud noises and produce dust and dirt, rendering the atmosphere unclean within the radius of plaintiffs' residences.

Here, the plaintiffs have alleged that the plant will give off smoke which will be offensive and that there will be a constant roaring noise. When tested by the standards necessary to be met when the alleged nuisance is not actual and existing, the complaint does not allege facts showing substantial grounds for anticipating immediate danger to the health or comfort of plaintiffs.

[7] The demurrer was properly sustained. This disposition of plaintiffs' appeal, however, would not prevent them from taking further action in the event the asphalt plant, if constructed, should be operated in such a manner as to create a nuisance.

Affirmed.

CAMPBELL and BRITT, JJ., concur.