ROY HILL, JR. AND WIFE, DANNIE HILL v. BOBBY GENE PERKINS

No. 8616SC491

(Filed 17 March 1987)

**Nuisance § 7— maintenance of business—nuisance alleged—no allegations as to defendant's conduct—failure of complaint to state a claim**

    Plaintiffs' complaint failed to state a claim upon which relief could be granted where plaintiffs sought to include a statement of the substantive elements of a nuisance and made a broad assertion to the effect that the location and operation of defendant's business was a nuisance to them so that they should be granted injunctive relief and damages, but there were no allegations as to defendant's conduct upon which to base liability, and there was no assertion that plaintiffs' remedy at law was inadequate so that they would be entitled to the equitable remedy of a permanent injunction.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 2 December 1985 in Superior Court, SCOTLAND County. Heard in the Court of Appeals on 17 November 1986.

This is a civil action instituted by plaintiffs, Roy Hill, Jr., and his wife Dannie Hill. On 29 August 1984, plaintiffs filed their complaint against defendant Bobby Gene Perkins as follows:

*Complaint* (filed Aug. 29, 1984, 1:13 P.M.)

The Plaintiffs, complaining of the Defendant, allege and say:

1. The Plaintiffs are citizens and residents of Scotland County, North Carolina.

2. The Defendant is a citizen and resident of Scotland County, North Carolina.

3. The Defendant owns and operates a diesel repair business, hereinafter referred to as the "Business," known as Perkins Diesel Service, located at Highway 401 By-Pass and State Road #1323 (Highland Road).

4. The Plaintiffs' home is located on land adjacent to the Business.

5. The Business is located on a one acre tract of land, one-half of which is zoned R-A and one-half of which is zoned H-I, the definitions of which are found in the 1976 Scotland County Zoning Ordinance, hereby incorporated by reference.

6. The Business is a lawful enterprise, insofar as it operates solely on the one-half acre zoned H-I.

7. The location, operation, maintenance and structures of the business constitute a nontrespassory invasion of Plaintiffs' land, and have caused and continue to cause substantial injury and damage to the Plaintiffs' health, comfort, and private use and enjoyment of their land.

8. The injury caused by the conduct of the Defendant is continuous, recurrent, and irreparable.

9. The Defendant's conduct is intentional and unreasonable.

WHEREFORE, the Plaintiffs pray and ask of the Court the following:

1. An injunction permanently restraining the operation of the Business, and damages up to the date of the injunction in the sum of THIRTY THOUSAND DOLLARS ($30,000); or in the alternative,

2. Permanent damages in the sum of EIGHTY THOUSAND DOLLARS ($80,000).

3. Any other remedy that the Court finds just and proper.

On 24 September 1984, defendant filed an answer denying the general allegations made in plaintiffs' complaint. Defendant also filed (1) a motion to dismiss for failure to state a claim upon which relief may be granted, Rule 12(b)(6), N.C. Rules Civ. P.; (2) a motion for a judgment on the pleadings, Rule 12(c), N.C. Rules Civ. P.; and (3) a motion for summary judgment, Rule 56, N.C. Rules Civ. P. The trial court did not grant any of defendant's motions.

The parties waived a trial by jury and the case was heard by the trial court sitting as the trier of fact. After hearing the evidence presented by the parties the trial court made findings of fact and conclusions of law. The trial court concluded as a matter of law, *inter alia*, that "[t]he intentional conduct and activities of the defendant in the use of his property as herein found constitute a private nuisance per accidens to the Plaintiffs, as a result of which they have suffered damage, and they are entitled to an abatement of the nuisance." It was ordered by the trial court that plaintiffs recover the sum of $10,000.00 from defendant. The trial court further ordered that defendant be permanently enjoined from operating his business and making use of his premises except in compliance with the extensive restrictions set forth in the trial court's order. Defendant appeals.

*Max D. Ballinger, for defendant appellant.*

*David Ray Martin, for plaintiff appellees.*

JOHNSON, Judge.

Defendant first assigns as error the trial court's denial of his Rule 12(b)(6), N.C. Rules Civ. P. motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief may be granted. We find error in the trial court's denial of defendant's motion to dismiss.

The test on a motion to dismiss for failure to state a claim upon which relief may be granted is whether the pleading, when liberally construed, is legally sufficient. *E.g., Fowler v. Williamson*, 39 N.C. App. 715, 251 S.E. 2d 889 (1979). In order for plaintiffs' complaint to have withstood defendant's motion to dismiss, the complaint must (1) provide defendant sufficient notice of the conduct on which the claim is based to enable defendant to respond and prepare for trial and (2) plaintiffs must have stated enough in their complaint to satisfy the substantive elements of at least some legally recognized claim. *See, e.g., Hewes v. Johnston*, 61 N.C. App. 603, 301 S.E. 2d 120 (1983). For the purpose of ruling on a motion to dismiss the allegations of the complaint are treated as true. *E.g., Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). However, conclusions of law or unwarranted deductions of fact are not admitted. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Under the notice theory of pleadings, a statement of claim is adequate if it gives sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of *res judicata*, and to show the type of case brought. *Redevelopment Commission v. Grimes*, 277 N.C. 634, 178 S.E. 2d 345 (1971).

In the case *sub judice*, plaintiff's complaint does not set forth any facts that apprised defendant or the court of the basis for its claim or allows for the application of *res judicata*. The inherent difficulties with the definition of a nuisance have been described by this Court as follows:

> In the whole field of law there is nothing more difficult to capture within the confines of a workable definition than the concept of nuisance, *nothing more dependent on the peculiar facts of the given case.* Like the legendary and elusive gadfly Tyll Eulenspiegel it scoffs at the conventionalities of the law.

*Dorsett v. Group Development Corp.*, 2 N.C. App. 120, 124, 162 S.E. 2d 653, 656 (1968) (quoting with approval *Louisville Refining Co. v. Mudd., Ky.*, 334 S.W. 2d 181 (emphasis supplied) ). Plaintiffs, in their complaint, sought to include a statement of the substantive elements of a nuisance. Count 7 of plaintiffs' complaint contains an incomplete quotation of language used by the Court in *Morgan v. High Penn Oil Co.*, 238 N.C. 185, 193, 77 S.E. 2d 682,

689 (1953), which plaintiffs contend to be the definition of a private nuisance. Plaintiffs, in their brief, state the following:

> In North Carolina, a private nuisance has been defined as being 'any substantial and trespassory invasion of another's interest in the private use and enjoyment of land by any liability forming conduct.' *Morgan v. High Penn Oil Co.*, 238 N.C. 185, 193, 77 S.E. 2d 682, 689 (1953). Plaintiff incorporated practically the very same definition in paragraph seven of his complaint. (R. P. 3-5). A lawful enterprise or business is not regarded as a nuisance per se but may be a nuisance in fact 'by reason of its location, or the manner in which it is construed or maintained or operated.' *Andrews v. Andrews*, 242 N.C. 382, 389, 88 S.E. 2d 88, 93 (1955).

The fallacy with plaintiffs' argument, and with their complaint, is that statements of law written by this State's highest appellate court were not intended for use as a ritualistic recitation in the form of a partial quotation in a complaint as a substitute for alleging sufficient facts from which it may be determined what liability forming conduct is being complained of and what injury plaintiffs have suffered. Neither *Morgan*, nor *Andrews v. Andrews*, 242 N.C. 382, 88 S.E. 2d 88 (1955) support plaintiffs in their contention that their complaint was sufficient. Plaintiffs only included a partial statement of the explanation of nuisance contained in *Morgan*. See *Morgan*, *supra*, at 193, 77 S.E. 2d at 689. Moreover, the allegations of the complaints in *Morgan* and *Andrews* are set forth in those opinions. There is no comparison between those complaints and plaintiffs' complaint in the case *sub judice*.

Plaintiffs failed to point out that *Morgan, supra*, was heard in the Supreme Court on a prior appeal from a denial of a demurrer *ore tenus* on the theory that the complaint did not state facts sufficient to constitute a cause of action. *See, Morgan v. High Penn Oil Co.*, 236 N.C. 615, 73 S.E. 2d 477 (1952) (an order overruling a demurrer *ore tenus* was not appealable). The Court in *Morgan*, noted that the complaint alleged in detail "that the oil refinery and the oil distribution center are so constructed and so operated by the defendants as to cast large quantities of noxious fumes and gases onto the neighboring land of the plaintiffs, causing them to suffer great annoyance and discomfort in the enjoyment of their property. . . ." *Id.* at 615-16, 73 S.E. 2d at 478.

**Hill v. Perkins**

The Court in *Andrews, supra,* set out in full the complaint and the demurrer filed in that action. The complaint in *Andrews* like the complaint in *Morgan* sets forth the particular harm plaintiffs in those actions complained of. For example, plaintiffs in *Andrews* alleged, *inter alia,* the following:

> 6. That during the winter of 1951-1952 the defendant placed lame wild geese on the said pond, and placed food and bait on the pond and on the banks thereof, at regular intervals, for the purpose of attracting wild geese to the pond and the surrounding area. That as a direct result of the defendant's building and maintaining the pond near the plaintiffs' lands, placing food and lame wild geese thereon for the purpose of attracting wild geese, wild geese in large numbers came to the pond, but instead of staying on the pond, used the pond as a base from which to set upon and destroy plaintiffs' crops and fields as hereinafter alleged.

*Andrews, supra,* at 384, 88 S.E. 2d at 89. Plaintiffs' complaint in *Andrews, supra,* goes on to allege defendant's conduct and the injury resulting to them. Plaintiffs' complaint in the case *sub judice* does not allege any conduct by defendant from which the conclusory statements made in plaintiffs' complaint may be inferred.

Our research reveals a plethora of reported opinions wherein allegations of the defendant's *particular* conduct are set forth and contained in complaints filed by plaintiffs seeking the abatement of a nuisance. *Hooks v. International Speedways, Inc.,* 263 N.C. 686, 140 S.E. 2d 387 (1965); *Pharr v. Garibald,* 252 N.C. 803, 115 S.E. 2d 18 (1960); *Causby v. High Penn Oil Co.,* 244 N.C. 235, 93 S.E. 2d 79 (1956); *Andrews, supra; Morgan, supra; Pake v. Morris,* 230 N.C. 424, 53 S.E. 2d 300 (1949); *Clinard v. Town of Kernersville,* 215 N.C. 745, 3 S.E. 2d 267 (1939); *Aydlett v. Carolina By-Products, Inc.,* 215 N.C. 700, 2 S.E. 2d 881 (1939); *Dorsett, supra.* There is a reason for the necessity of setting forth allegations of defendants "intentional" conduct in order to state a claim upon which relief may be granted. As the Court in *Morgan, supra,* stated: "a person is subject to liability for an intentional invasion *when his conduct is unreasonable under the circumstances of the particular case." Morgan, supra,* 238 N.C. at 193, 77 S.E. 2d at 689 (emphasis supplied). There are no allegations of defendant's conduct in plaintiffs' complaint in the case *sub judice.* Plaintiffs' com-

plaint merely contains a broad assertion to the effect that the location and operation of defendant's business is a nuisance to them and the court should, therefore, grant them injunctive relief and damages. Moreover, plaintiffs' complaint does not even assert that their remedy at law is inadequate so that they would be entitled to the equitable remedy of a permanent injunction, *City of Durham v. Public Service Co. of North Carolina, Inc.*, 257 N.C. 546, 126 S.E. 2d 315 (1962).

For the aforementioned reasons we hold that plaintiffs' complaint fails to state a claim upon which relief may be granted. Therefore, the trial court should have granted defendant's Rule 12(b)(6), N.C. Rules Civ. P., motion to dismiss. In light of our holding we need not address defendant's remaining Assignments of Error.

Judgment is reversed.

Judges ARNOLD and EAGLES concur.