EVANS v. LOCHMERE RECREATION CLUB, INC.

[176 N.C. App. 724 (2006)]

———————————

HUGH K. EVANS AND JACKIE EVANS, PLAINTIFFS v. LOCHMERE RECREATION CLUB, INC. D/B/A LOCHMERE SWIM & TENNIS CLUB, DEFENDANT

No. COA05-956

(Filed 21 March 2006)

**1. Nuisance— private—motion to dismiss—sufficiency of complaint—effect of prior judgment**

The trial court erred by dismissing plaintiffs' claim for private nuisance allegedly arising from noise at defendant's swim and tennis club, because: (1) while plaintiffs allege most of the specific acts in order to prove defendant was in violation of an

**EVANS v. LOCHMERE RECREATION CLUB, INC.**

[176 N.C. App. 724 (2006)]

injunction arising out of a 1994 lawsuit, all of these acts are real-leged in their claim for nuisance; (2) as the complaint is to be liberally construed, it is sufficient on its face to provide defendant with sufficient notice of the conduct on which the claim is based to enable defendant to respond and prepare for trial, and it stated enough to satisfy the substantive elements of a private nuisance claim against defendant; (3) successors in ownership of real property are not automatically bound by prior judgments granting injunctions concerning the use of the property, and as there was no evidence offered of any active concert or participation between defendant and the previous owners, plaintiffs could not enforce the previous injunction against defendant thus entitling plaintiffs to bring a new suit against defendant requesting relief in the form of an injunction; and (4) the verdict and award in the 1994 lawsuit was not explicitly for permanent damages, and thus, plaintiffs' remedy is to recover in separate and successive actions for damages sustained to the time of the trial.

2. **Appeal and Error— preservation of issues—failure to argue—waiver**

While plaintiffs assign error to the dismissal of their claims against defendant for violating a 1994 permanent injunction and restraining order, plaintiffs correctly abandoned this argument in their brief, and thus, this assignment of error is deemed waived under N.C. R. App. P. 28(b)(6).

Appeal by plaintiffs from an order entered 27 April 2005 by Judge Howard E. Manning, Jr. in Wake County Superior Court. Heard in the Court of Appeals 22 February 2006.

*Wallace, Nordan & Sarda, LLP, by Peter J. Sarda, for plaintiff-appellants.*

*Ellis & Winters, LLP, by Jonathan D. Sasser, for defendant-appellee.*

BRYANT, Judge.

Hugh K. Evans and Jackie Evans (plaintiffs) appeal from an order entered 27 April 2005 dismissing their claims against Lochmere Recreation Club, Inc. (defendant). We reverse the order of the trial court and remand for further proceedings.

EVANS v. LOCHMERE RECREATION CLUB, INC.

[176 N.C. App. 724 (2006)]

*Facts & Procedural History*

In 1994, plaintiff Hugh Evans (Evans) filed suit against MacGregor Development Co. (MacGregor) and Lochmere Swim & Tennis Club, Inc. (LSTC), claiming the noise from the speakers and crowds located at the Swim Club interfered with the use and enjoyment of his property. At trial, a jury found in favor of Evans and awarded him $50,000.00 in compensatory damages and $135,000.00 in punitive damages. The trial court further granted a permanent injunction and restraining order against MacGregor and LSTC instructing them to take measures, such as repositioning their speakers, to reduce the noise encroachment on plaintiff's property. This final judgment was affirmed on appeal. *Evans v. MacGregor Dev. Co.*, 126 N.C. App. 224, 491 S.E.2d 566 (1997) (unpublished). In 1998 defendant Lochmere Recreation Club acquired the property from LSTC.

Plaintiffs initiated the instant civil action against defendant on 22 December 2004, alleging that between May and September of each year from 1998-2004, defendant operated their swim and tennis club in a manner that created a nuisance. Plaintiff's complaint listed several different ways in which plaintiffs assert that defendant caused an unreasonable interference with the enjoyment of their home. Plaintiffs initially sought a permanent injunction against defendant's alleged nuisance and damages for trespass, intentional infliction of emotional distress, contempt for the enforcement of a prior injunction, nuisance, and damages for violations of the local noise control ordinance. On 13 January 2005, defendant moved to dismiss plaintiffs' complaint under Rule 12(b)(6). On 5 April 2005, plaintiffs filed an amendment to their complaint retracting their claims for contempt, trespass, and violations of the noise control ordinance.

Defendant's motion was heard on 5 April 2005 before the Honorable Howard E. Manning, Jr. On 27 April 2005, the trial court granted defendant's motion to dismiss finding plaintiffs had received "permanent damages" as well as prior injunctive relief for the nuisance created by the swim and tennis club as a result of the 1994 lawsuit. The trial court dismissed all of plaintiffs' claims, although the claim for violation of the 1994 permanent injunction was dismissed without prejudice to allow Evans to seek enforcement of the 1994 permanent injunction. Plaintiffs' current claims seeking damages for violation of the 1994 permanent injunction and seeking further injunctive relief against defendant were dismissed on the basis that the proper recourse was for plaintiffs to seek enforcement of the 1994 judgment. The trial court further dismissed plaintiffs' claims for dam-

ages for nuisance due to the previous recovery of "permanent" economic damages by Evans. Plaintiffs appeal.

---

**[1]** Plaintiffs argue that the trial court erred in dismissing their claim for private nuisance. For the reasons below, we reverse the order of the trial court dismissing plaintiffs' claim for private nuisance and remand for further proceedings.

### Standard of Review

"The system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." *Ladd v. Estate of Kellenberger*, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985) (citations omitted). In considering a Rule 12(b)(6) motion to dismiss, the trial court must determine whether the factual allegations in the complaint state a claim for relief. *Sutton v. Duke*, 277 N.C. 94, 176 S.E.2d 161 (1970). A plaintiff must state the "substantive elements of a legally recognized claim" in order to survive a Rule 12(b)(6) motion to dismiss. *Booher v. Frue*, 86 N.C. App. 390, 392, 358 S.E.2d 127, 128 (1987) (citations omitted). To support a complaint for private nuisance, a plaintiff must allege "sufficient facts from which it may be determined what liability forming conduct is being complained of and what injury plaintiffs have suffered." *Hill v. Perkins*, 84 N.C. App. 644, 648, 353 S.E.2d 686, 689 (1987). When hearing a motion to dismiss, the trial court must take the complaint's allegations as true and determine whether they are " 'sufficient to state a claim upon which relief may be granted under some legal theory.' " *Newberne v. Dep't of Crime Control & Pub. Safety*, 359 N.C. 782, 784, 618 S.E.2d 201, 203 (2005) (quoting *Meyer v. Walls*, 347 N.C. 97, 111, 489 S.E.2d 880, 888 (1997)).

### Sufficiency of Complaint

"[A] private nuisance exists in a legal sense when one makes an improper use of his own property and in that way injures the land or some incorporeal right of one's neighbor." *Morgan v. High Penn Oil Co.*, 238 N.C. 185, 193, 77 S.E.2d 682, 689 (1953) (citations omitted). In their complaint plaintiffs alleged several specific actions which would support a private nuisance claim against defendant, including that defendant "has used amplified sound from speakers aimed directly at [plaintiffs'] premises" and that when the public address system is used, "it can be clearly heard in plaintiffs' home even with all plaintiffs' doors and windows closed and their television playing." While plaintiffs allege most of the specific acts in order to prove

defendant was in violation of the injunction arising out of the 1994 lawsuit, all of these acts are re-alleged in their claim for nuisance. As the complaint is to be liberally construed, we find it is sufficient on its face to "provide defendant sufficient notice of the conduct on which the claim is based to enable defendant to respond and prepare for trial" and "state[s] enough . . . to satisfy the substantive elements" of a private nuisance claim against defendant. *Hill v. Perkins*, 84 N.C. App. 644, 647, 353 S.E.2d 686, 688 (1987) (citations omitted).

### Prior Injunction & Permanent Damages

In its order granting defendant's motion to dismiss relating to plaintiffs' claim for private nuisance, the trial court found:

> . . . to the extent that the claim seeks damages for diminution in value of the property owned by Hugh Evans, must be dismissed as Hugh Evans has already received permanent economic damages for the nuisance. *Phillips v. Chesson*, 231 N.C. 566, 570 (1950).

> As for that portion of the [] Claim for Relief that seeks injunctive relief to abate the nuisance, the [c]ourt is of the opinion that this claim is in essence a claim for permanent injunctive relief, the subject matter of which resides in the 1994 lawsuit and its permanent injunction. Put another way, the [c]ourt views the [] Claim for Relief as seeking additional injunctive relief, a claim which is rationally and logically resident in the cause of the 1994 lawsuit and its permanent injunction. . . .

> . . .

> . . . A motion in the cause [filed within the 1994 lawsuit] followed by an evidentiary hearing could result, upon the proper evidentiary presentation, in the restraint of the use of the swim club . . . .

> Having determined the foregoing, the [] Claim For Relief to the extent it seeks additional monetary damages for diminution in value is dismissed because permanent damages have already been awarded in the 1994 lawsuit and the injunctive relief sought . . . lies within the subject matter jurisdiction of the 1994 lawsuit and its Permanent Injunction.

These findings are in error.

Rule 65 of the North Carolina Rules of Civil Procedure states that "[e]very order granting an injunction . . . is binding only upon the par-

ties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice in any manner of the order by personal service or otherwise." N.C. Gen. Stat. § 1A-1, Rule 65(d) (2005). This Court has held that successors in ownership of real property are not automatically bound by prior judgments granting injunctions concerning the use of the property. *Ferrell v. Doub*, 160 N.C. App. 373, 378-80, 585 S.E.2d 456, 459-61 (2003). As there was no evidence offered of any "active concert or participation" between defendant and the previous owners, plaintiffs could not enforce the previous injunction against defendant and thus were entitled to bring a new suit against defendant requesting relief in the form of an injunction.

Regarding permanent damages resulting from a continuing nuisance, our Supreme Court has held:

[A] landowner may not as a matter of right recover permanent damages from a private corporation or individual for the maintenance of a continuing nuisance or trespass. His remedy is to recover in separate and successive actions for damages sustained to the time of the trial. However, the parties may consent that an issue as to permanent damages be submitted; and in such case the defendant, upon payment of permanent damages so assessed, acquires a permanent right to continue such nuisance or trespass as in condemnation.

*Wiseman v. Tomrich Constr. Co.*, 250 N.C. 521, 524, 109 S.E.2d 248, 251 (1959) (internal citations omitted). The verdict and award in the 1994 lawsuit does not indicate that an issue as to permanent damages was submitted to the jury. Rather, the verdict merely determined MacGregor and LSTC created a private nuisance and Evans was entitled to recover for his damages. Further, as an injunction was entered against MacGregor and LSTC, it follows they did not acquire a permanent right to continue the nuisance and therefore the damages awarded were not permanent damages.

This Court's unpublished opinion affirming the verdict and award in the 1994 lawsuit is not controlling on whether the original award was for permanent damages. The relevant issue determined by this Court was whether the trial court erred in allowing Evans to testify regarding the purported diminution of value of his property due to the sound nuisance. *Evans v. MacGregor Dev. Co.*, 126 N.C. App. 224, 491 S.E.2d 566 (1997) (unpublished). This Court held that the trial

court did not err in admitting Evans' testimony, however it made no indication that the jury's award for damages was based solely on the diminution of Evans' property, stating, "plaintiff's evidence showed he suffered both pecuniary loss and personal discomfort." *Evans*, slip op. at 4. As the verdict and award in the 1994 lawsuit was not explicitly for permanent damages, plaintiffs' remedy is to recover in separate and successive actions for damages sustained to the time of the trial. *Phillips v. Chesson*, 231 N.C. 566, 569-70, 58 S.E.2d 343, 346-47 (1950).

[2] For the reasons above we find the trial court erred in dismissing plaintiffs' claim for private nuisance. While plaintiffs also assign as error the dismissal of their claims against defendant for violating the 1994 permanent injunction and restraining order, plaintiffs correctly abandon this argument in their brief. This assignment of error is therefore deemed waived. N.C. R. App. P. 28(b)(6) (2006); *State v. Sakobie*, 157 N.C. App. 275, 279, 579 S.E.2d 125, 128 (2003).

Affirmed in part, reversed in part, and remanded for further proceedings on plaintiffs' claim for private nuisance.

Judges McGEE and HUDSON concur.