MARK A. WARD, Plaintiff
v.
MR. & MRS. THERESA ENBODY, Defendants.
No. COA08-35
Court of Appeals of North Carolina
Filed August 5, 2008
This case not for publication
Mark W. Ward, plaintiff-appellant, pro se.
Hinshaw & Jacobs, LLP, by Robert D. Hinshaw, for defendant-appellees.
HUNTER, Judge.
Mark A. Ward ("plaintiff") appeals from an order granting Mr. and Mrs. Theresa Enbody's ("defendants") motion to dismiss pursuant to North Carolina Rule of Civil Procedure 12(b)(6). After careful review, we affirm.
The underlying facts in this case are identical to the facts in the companion case of Ward v. Jett Properties, LLC, ___ N.C. App. ___, ___ S.E.2d ___ (No. COA08-104 filed 5 August 2008). Upon the dismissal of Ward v. Jett Properties, LLC, plaintiff filed the instant complaint on 10 August 2007. Alleging, inter alia, that defendants violated the Buckeye Townhouses restrictive covenants, created a nuisance, and inflicted emotional distress, plaintiff requested injunctive relief. On 30 August 2007, defendants filed a motion to dismiss pursuant to Rule 12(b)(6) which was heard by the trial court on 17 September 2007. On 24 September 2007, the trial court issued an order granting defendants' motion to dismiss. Plaintiff timely filed an appeal.
"On a motion to dismiss pursuant to Rule 12(b)(6) . . ., the standard of review is `whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory.'" Block v. County of Person, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (citation omitted).
Plaintiff contends that injunctive relief is proper as his complaint was sufficient to state a claim for private nuisance pursuant to N.C. Gen. Stat. § 1-539 (2007). We disagree.
It is well established that to sustain an action for private nuisance, a plaintiff must show that some appreciable damage has been suffered, or that some serious or irreparable injury is threatened. McManus v. R.R., 150 N.C. 655, 64 S.E. 766 (1909). Further, "[a] plaintiff is entitled to injunctive relief when there is no adequate remedy at law and irreparable harm will result if the injunction is not granted." Vest v. Easley, 145 N.C. App. 70, 76, 549 S.E.2d 568, 574 (2001).
In the instant case, plaintiff failed to allege either appreciable damage or the threat of irreparable injury. He alleged only that "defendant's minor child . . . engaged in . . . the intentional aimless release of flying objects in close proximity to . . . plaintiff's vehicle" were thereby creating a threatening condition constituting a nuisance and infringing on his incorporeal right to quiet enjoyment. The essential fallacy of plaintiff's argument is that he merely recites statements of law rather than "alleging sufficient facts from which it may be determined what liability forming conduct is being complained of and what injury plaintiff[] ha[s] suffered." Hill v. Perkins, 84 N.C. App. 644, 648, 353 S.E.2d 686, 689 (1987). Furthermore, plaintiff's complaint fails to even assert that the remedy at law is inadequate so that he would be entitled to the equitable remedy of an injunction.
Dismissing plaintiff's complaint with prejudice, the trial court found that plaintiff alleged no actual damage and failed to establish a substantial likelihood of irreparable harm. After careful review we agree and conclude that plaintiff's complaint is without merit and insufficient to state a claim upon which relief can be granted. Accordingly, we affirm.
Affirmed.
Judges TYSON and JACKSON concur.
Report per Rule 30(e).